*275 Curia, -per
O’Neall, J.
It appears that the defendants, Creighton & Woodville, were merchants in Baltimore ; that certain goods were consigned to them, and entered in the Custom-House in their name. The defendant, Woodville, in his own name, with the plaintiffs as his securities, executed a bond for the duties. Upon this bond the plaintiffs have been compelled to pay the duties for which it was given; and this action is brought for the recovery of the money so paid, against the defendant Creighton, who has been alone served with process. The question which is made is '“are the plaintiffs entitled to recover against him ?”
Originally both partners were liable for the duties, and if the money paid by the plaintiffs had been paid in discharge of this original liability, at the express or implied request of the defendants, they would have been'legally liable for its re-paymeut. But the execution of a bond discharges a simple contract, either express or implied. At common law one co-partner cannot bind another by deed. Under the Act of Congress of 1820, Ing. Dig. 268, one partner may, by executing a bond for duties in the partnership name, bind the firm. The bond, in this case, is not in the partnership name, and it, therefore, casts no liability on the defendant, Creighton. The execution of the bond, by Woodville, discharged the liability of the firm for the duties, and made the debt legally his own. When the plaintiffs paid it, they paid the money for Woodville, and at his implied request. They can, therefore, have no legal right of action against the firm of Creighton dfc Woodville.
If it was necessary to go back to the consideration of the bond, to ascertain whether both of the partners, or only the obliger, was liable to it, it would necessarily lead to an investigation and settlement of the accounts of the partners. For, if the partner who executed the bond, was in arrears to the firm, it could not be pretended that he would have the right to call on the other to contribute to its payment. This examination the court of law cannot make. It may be, that in Equity, if the plaintiffs could shew that Wood-ville is in advance to the firm the amount of the bond, and *276 that he is insolvent, that they might make the defendant, Creighton, liable.
The case of Tom vs. Goodrich, 2 Johns. R. 213, is a case exactly analagous to the one before us, in which it was held “ that proof of the payment of money for the surviving partners, after the death of a co-partner, would not support a declaration on an implied promise by all the partners ; that the claim of the United States ” for the duties “ against the co-partnership becam,e extinguished by the bond of the individual partner, who was alone responsible ; and that the surety who had paid the money had a right of action against the partner only who had signed the bond.'"
The motion for a nonsuit is, therefore, granted.
Johnson, J. concurred.